O

# United States District Court
# Central District of California

| | |
|---|---|
| MIGUEL SOTO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RIO GARY II, L.P.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-02829-ODW (MAAx)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT [26], SETTING ASIDE DEFENDANT'S DEFAULT, AND GRANTING LEAVE TO AMEND** |

## I.　INTRODUCTION

Plaintiff Miguel Soto applies for default judgment against Defendant Rio Garey II, L.P. ("Rio Garey") for violations of the Americans with Disabilities Act ("ADA") at a grocery store located at 2001 S. Garey Avenue in Pomona, California. (Appl. Default J. ("Appl." or "Application"), ECF No. 26.)  For the reasons discussed below, the Court **DENIES** Soto's Application.[1]

## II.　FACTUAL AND PROCEDURAL BACKGROUND

Soto's First Amended Complaint, filed June 28, 2021, sets forth the following allegations.  (First Am. Compl. ("FAC"), ECF No. 14.)

---

[1] After carefully considering the papers filed in support of the Application, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Soto uses a wheelchair due to medical conditions that significantly impair his mobility. (FAC ¶ 1.) In December 2020 and January 2021, Soto visited the subject grocery store. (*Id.* ¶ 10.) Rio Garey is "the real property owner[], business operator[], lessor[], and/or lessee[]" of the property. (*Id.* ¶ 2.)

Soto alleges three ADA violations involving the disabled parking space at the property. (*Id.* ¶¶ 24, 26, 28.) Soto initiated this action against Rio Garey[2] asserting five causes of action: (1) violation of the ADA, (2) violation of the California Unruh Civil Rights Act, (3) violation of the California Disabled Persons Act, (4) violation of California Health & Safety Code § 19955, and (5) negligence. The Court declined to exercise supplemental jurisdiction over the state-law claims (claims two through five) and dismissed those claims without prejudice. (Min. Order 9, ECF No. 13.) On July 1, 2021, Soto served Rio Garey with the summons and Complaint. (Am. Proof of Service, ECF No. 19.) Rio Garey did not answer or otherwise appear, and on August 1, 2021, upon Soto's request, the Clerk entered default against Rio Garey. (Default by Clerk, ECF No. 23.)

Soto now moves for default judgment against Rio Garey. (*See* Appl.) He seeks an injunction under the ADA directing Defendants to remedy the various violations of the ADA he alleges exist at the disabled parking spot. (*Id.* at 5.) He also seeks attorneys' fees and costs in the total amount of $4,400.00. (*Id.* at 7–8; Proposed J., ECF No. 26-4.)

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). "[A] defendant's default," however, "does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp.

---

[2] Plaintiff originally sued a different Defendant: Rio Gary II, L.P. ("Rio Gary"). The FAC names both Rio Gary and Rio Garey as Defendants. On August, 2, 2021, the Court dismissed Rio Gary. (Min. Order Dismiss, ECF No. 24.)

2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court must consider several factors (the "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

## IV.   DISCUSSION

In the FAC, Soto alleged three particular ADA violations. First, he alleged that there was no sign indicating that the parking space was "Van Accessible" or that improper use would result in a "Minimum Fine $250." (FAC ¶¶ 13a, 24.) Second, he alleged that there was no International Symbol of Accessibility painted onto the surface of the accessible parking space. (FAC ¶¶ 13b, 26.) Third, he alleged that there were no access aisles with blue hatched lines and "NO PARKING" markings. (FAC ¶¶ 13c, 28.) Soto provides no further evidence of or details about these violations in his Application for Default Judgment and instead refers generally to parking space violations. (*See generally* Appl.) Indeed, it remains unclear whether Soto is arguing that Rio Garey provides no disabled parking space at all or that Rio Garey provides a disabled parking space that is merely missing certain signage and markings. (*See*

*generally* Decl. Miguel Soto ("Soto Decl."), ECF No. 26-3 (providing no clarity on this question).)

This concerning ambiguity aside, Soto's Application is deficient in three senses. First, Soto fails to show that he was in fact denied accommodation. Second, he makes no attempt to plead or show that removal of any alleged access barriers is readily achievable. Third, he fails to show that the defendant against whom he seeks default judgment is the party responsible for the alleged ADA violations.

These failures can all be framed in terms of a failure to satisfy the second and third *Eitel* factors, which, when taken together, "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175). In determining whether a plaintiff has stated a claim, "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). To weigh these two factors, the Court evaluates the merits of Soto's ADA cause of action. The Court may properly consider the evidence Soto submitted as part of this analysis, as long as the allegations in the FAC were sufficient to place Rio Garey on notice of the violation being proven. *See, e.g., McComb v. Vejar*, No. 2:14-CV-00941-RSWL-E, 2014 WL 5494017, at *6 (C.D. Cal. Oct. 28, 2014) (examining plaintiff's evidence on default judgment to determine if removal of barrier was readily achievable).

The Court discusses each of the three deficiencies in turn and denies the Application without addressing whether Soto met the procedural requirements for obtaining default judgment.

**A.     Plaintiff fails to allege or show he was denied accommodation.**

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . .'" *Oliver v. Ralphs*

4

*Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). As relevant here, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). To succeed on an ADA claim, a plaintiff must establish that (1) he or she is "disabled within the meaning of the ADA," (2) the defendant "own[], lease[], or operate[] a place of public accommodation," (3) the defendant denied the plaintiff public accommodation because of his disability, (4) the premises "present[] an architectural barrier prohibited under the ADA," and (5) "the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007–08 (C.D. Cal. 2014) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)), *abrogated on other grounds by Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030 (9th Cir. 2020).

Soto's allegations and supporting evidence fail on the third element. Soto neither alleges nor argues that the ADA parking space violations he asserts created any barrier to his full use and enjoyment of the grocery store or otherwise caused a denial of accommodation. Soto declares in the most general and conclusory terms that when he got to the grocery store, he "discovered barriers and conditions in the parking spaces that denied full and equal access by persons like myself who require the use of a wheelchair for mobility," (Soto Decl. ¶ 4), but fails to allege exactly how he was not able to enjoy full access to and use of the grocery store. If the sole problem is that the disabled parking signage and markings are insufficient, but the lack of signage did not somehow prevent the plaintiff from accessing the business, then the plaintiff has not actually encountered an access barrier, has not been denied full and equal access, and has not been denied accommodation.

That there was no denial of full and equal access not only causes the failure of a statutory element of Soto's ADA claim; it also deprives him of Article III standing. To satisfy the injury-in-fact requirement for Article III standing, a plaintiff alleging ADA construction access barriers must have personally suffered discrimination under the

ADA on account of his or her disability. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2001) (finding a plaintiff failed to satisfy the injury-in-fact requirement when the plaintiff merely alleged ADA Accessibility Guidelines violations without alleging exactly how he was denied full and equal access to the establishment). Here, Soto neither alleges nor argues how he personally suffered discrimination and incurred an injury-in-fact as a result of the asserted violations.

For these reasons, the fact that Soto was never denied full and equal access to the grocery store is the first basis on which the Court denies this Application.

**B.    Plaintiff makes no attempt to explain how correcting the ADA violations is readily achievable.**

The second basis for denying this Application is the lack of allegations and evidence that correcting the alleged violations is readily achievable. Removal of an architectural barrier is "readily achievable" if it is "easily accomplishable and able to be carried out without much difficulty or expense." *Acosta v. Martinez,* No. 1:19-cv-00307-AWI-EPG, 2020 WL 1026890, at *7 (E.D. Cal. Mar. 30, 2020) (citing 42 U.S.C. § 12181(9)). In a recent matter of first impression, the Ninth Circuit found that "to satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Lopez*, 974 F.3d at 1038. Under this approach, plaintiffs bear the initial burden of "articulat[ing] a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.'" *Id.* (quoting *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2d Cir. 1995)).

It is unmistakable after *Lopez* that the plaintiff bears this burden, meaning that conclusory allegations regarding readily achievable removal of a barrier are insufficient in the default judgment setting. *See, e.g., Soto v. Doublz of El Monte, Inc.*, No. CV 20-10296 FMO (SKx), 2021 WL 4733761, at *2 n.4 (C.D. Cal. Aug. 23, 2021).[3]  Even

---

[3] Soto's firm is now aware of the change in law following *Lopez*, and the court expects Soto's firm to incorporate this change in any future briefs, and to refrain from citing law that no longer applies. *See*

before *Lopez*, however, district courts in the Ninth Circuit regularly required plaintiffs moving for default judgment to show that removing the barriers was readily achievable, either with well-pleaded factual allegations or evidence. *See, e.g., Sceper v. Trucks Plus*, No. CIV S-09-0801 GEB EFB, 2009 WL 3763823, at *3 (E.D. Cal. Nov. 3, 2009) (noting that fact that defendants have not appeared is more reason, not less, for courts to carefully enforce this requirement).

Here, both the FAC and the Application are devoid of any fact-specific discussion regarding whether correcting the alleged ADA violations would be readily achievable for Rio Garey. The FAC contains only boilerplate language indicating that "Defendants . . . have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled in compliance" with the ADA. (FAC ¶ 17.) Courts are to ignore boilerplate, generalized allegations such as these because they fail to place the defendant on notice of exactly what the plaintiff is arguing and asking the defendant to do.[4]

Soto presents no facts to support, and asks the Court to simply assume, the "readily achievable" requirement—which, after *Lopez*, the Court may not do. 974 F.3d at 1038. Soto's failure to advance any argument regarding readily achievable removal casts substantial doubt on the merits of his claim. Thus, Soto's failure to address the "readily achievable" requirement is the second basis for denying his Application.

---

*Soto*, 2021 WL 4733761, at *1 (pointing out that Soto's application for default judgment in that case ignored *Lopez* and that the *Lopez* decision predated Soto's application by five months); *id.* at *2 n.4 (making unequivocally clear that *Vogel*'s treatment of this issue is outdated).

[4] Soto's failure to demonstrate readily achievable removability of the barriers is related to the ambiguity surrounding whether there was a deficient disabled parking space or no disabled parking space at all. If, for example, the property provided only one parking space hemmed in on all sides by buildings and egresses, it would not necessarily be the case that the space could be converted into a disabled parking space without unreasonable expense—that is, it would not necessarily be the case that removal of the barrier would be readily achievable. Soto fails to allege or otherwise present the court with more information about the number and type of parking spaces on the property, and so the Court is unable to determine whether converting the challenged parking space into a fully ADA-compliant disabled parking space would be readily achievable.

**C. Plaintiff fails to allege or show that Defendant is responsible for the parking space and parking space violations.**

As set forth above, the second element of an ADA claim is that the defendant owns, leases, or operates a place of public accommodation. *Vogel*, 992 F. Supp. 2d at 1007–08. Such a defendant violates the ADA when the defendant *fails to remove* an architectural barrier.[5] 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, to determine the merits of an ADA claim, the Court must ask: (1) whether the defendant owns, leases, or operates the premises in question, and (2) whether the defendant's relationship to the premises makes that defendant responsible for the ADA violation. This second inquiry exists because if a defendant's relationship with a property is such that the defendant is not responsible for a particular architectural barrier (such as the case when a defendant is prohibited by contract or some other law from correcting the barrier), then the defendant cannot be said to have failed to remove the barrier.

Soto's FAC and Application fail upon this two-part inquiry in that Soto fails to show Rio Garey is responsible for the disabled parking space and the violations thereon. Soto alleged in generalized, ambiguous terms that Rio Garey was the owner, operator, lessor, or lessee of the property. (FAC ¶ 2.) Soto further alleged in conclusory terms that "Defendants had and still have control and dominion over the conditions at this location." (*Id.* ¶ 17.) These allegations are entirely insufficient to place Rio Garey on notice of the nature of the relationship Soto alleges exists between Rio Garey and the property.

Buried in the attorney declaration is a hearsay-laden paragraph providing some quantum of evidence that Rio Garey owns the real property at 2001 S. Garey Avenue, (Decl. Jason J. Kim ¶ 4, ECF No. 26-2), but this information remains insufficient to complete the inquiry. Without competent, case-specific information about the

---

[5] Soto left this requirement out of his putatively "simplified statement of the elements necessary for the plaintiff to prove discrimination" under the ADA and his subsequent analysis. (Appl. 3.) In this sense, Soto's simplified statement is not an accurate statement of the law.

8

relationships existing among Rio Garey, the property, and the disabled parking space, the Court cannot verify that Rio Garey is responsible for the parking space violation—that is, that Rio Garey failed to remove the alleged barriers. *See Grigsby v. Tecomate Corp.*, No. 2:19-CV-08735-ODW (KSx), 2021 WL 134583, at *3 (C.D. Cal. Jan. 14, 2021) (denying application for default judgment and observing that plaintiff's "vague" allegations did not demonstrate that the defendant was responsible for providing parking).

For these reasons, Soto's allegations and evidence are insufficient to show that Rio Garey is the party responsible for failing to remove the alleged barriers. The Court therefore denies Soto's application on this third basis.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Application for Default Judgment. (ECF No. 26.) The Court accordingly **DENIES** Plaintiff's request for attorneys' fees. The default previously entered against Defendant Rio Garey II, L.P. is hereby **SET ASIDE**. (ECF No. 23.) Soto is **GRANTED** leave to amend his First Amended Complaint to address the deficiencies identified herein. If Soto chooses to amend, any amended complaint must be filed and served within **twenty-one (21) days** of the date of this Order. Failure to timely amend will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

January 12, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**